UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO FAJARDO,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security,<br><br>  Defendant. | Case No. 1:19-cv-1167-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

Claimant has requested judicial review of the Social Security Administration's ("SSA") denial of his application for disability insurance benefits. On February 13, 2020, I heard argument from the parties.[1] Having reviewed the record and considered arguments raised by the parties, I will affirm the decision of the administrative law judge ("ALJ").

On appeal, this court asks whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g). The court will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence; the court will not substitute its judgment for that of the Commissioner. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

The ALJ found claimant to have one severe impairment, consisting of the combined effect of fourteen impairments, none of which the ALJ found to be severe standing alone. AR 18. Claimant now argues that (1) the ALJ's decision should be vacated because some aspects of it were not directly supported by the opinion of a medical doctor, and (2) the ALJ erred in

---

[1] Both parties are represented by counsel.

discounting claimant's own testimony about his symptoms and degree of limitations.[2]

On the first issue, the ALJ found that, although claimant's combination of impairments limited his residual functional capacity ("RFC"), it was not disabling. In reaching the conclusion, the ALJ considered the assessments of various medical services providers, who characterized as generally normal aspects of claimant's condition including his ambulatory capacity, balance, strength, range of motion, sensation and coordination, respiratory abilities, blood pressure, and glucose levels. Claimant characterizes the ALJ's analysis as "based upon speculation, because the record lacks an assessment from any medical professional regarding the impact Plaintiff's impairments would have upon functionality." Pl. Op. Br., ECF No. 15, at 11.

An individual seeking disability insurance benefits bears the burden of proving that he is disabled. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999), as amended (June 22, 1999) ("The claimant bears the burden of proving that she is disabled."). The ALJ, however, is not a mere observer of the administrative process; the Social Security Act requires ALJs to be active participants, responsible for coordinating the non-adversarial evaluation process and for undertaking a certain amount of investigation. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered."). The Act requires ALJs to "make every reasonable effort to obtain" all medical evidence necessary to determine disability. 42 U.S.C. § 423(b)(5). In a case in which benefits are denied, the Act further requires the ALJ to "develop a complete medical history of at least the preceding twelve months." *Id.* This responsibility is not limited to pursuing pre-existing information; in some cases, the ALJ "may need" to request the collection of additional information, for example by asking the claimant to undergo a consultative examination. 20 C.F.R. §§ 404.1520b(b), (b)(2)(iii); *see also id.* § 404.1512(b) (defining SSA's responsibility to

---

[2] Claimant frames his argument as a single issue, but in the interest of completeness I frame it as two discrete issues.

develop medical history).

But ALJs are not required in every case to obtain a medical opinion or otherwise to "further develop the record." Such a duty exists "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence" by the ALJ. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *see* 20 C.F.R. § 404.1520b(b) (addressing ALJ's responsibilities when the "record is insufficient or inconsistent"—meaning when the record "does not contain all the information [SSA needs] to make [its] determination or decision," or when the evidence "conflicts with other evidence, contains an internal conflict, is ambiguous, or when the medical evidence does not appear to be based on medically acceptable clinical or laboratory diagnostic techniques"). A record may be insufficient, for example, if it contains crucial medical information that is too technical to be understood or evaluated by an ALJ. *See Molina v. Berryhill*, No. 2:17-CV-01991 CKD, 2018 WL 6421287, at *4 (E.D. Cal. Dec. 6, 2018) (faulting ALJ for failing to further develop the record where ALJ, without the benefit of a medical expert, based her conclusion on her "lay interpretation" of "x-rays, MRIs, and clinical findings").

I am not convinced that the record here contains the sort of ambiguities or inadequacies that necessitate further development. An ALJ need not obtain a medical opinion on functionality when a claimant's conditions or capabilities are described as broadly normal. This is not a case where the ALJ required assistance from a medical expert to interpret crucial medical information beyond the ken of an SSA ALJ.

Likewise, I see no fault in the ALJ's evaluation of claimant's testimony. Per the Court of Appeals, "[u]nless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting pain testimony must be clear and convincing." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).[3] In this case, they were. In partially discounting claimant's

---

[3] Factors that may be considered in assessing a claimant's subjective pain and symptom testimony include the claimant's daily activities; the location, duration, intensity and frequency of the pain or symptoms; factors that cause or aggravate the symptoms; the type, dosage, effectiveness or side effects of any medication; other measures or treatment used for relief; functional restrictions; and other relevant factors. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). In assessing the claimant's credibility, the ALJ may also consider "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to

testimony, the ALJ cites claimant's delay in applying for disability benefits, AR 24-25, and numerous inconsistencies that the ALJ perceived between claimant's testimony and the objective medical evidence, AR 22-24.  The ALJ supported his opinion with specific, detailed explanations, and cited evidence in the administrative record.

In sum, I find that the ALJ's decision is supported by substantial evidence and that claimant has identified no reversible error in the ALJ's analysis.  For the reasons stated in this order and on the record at oral argument, I deny claimant's appeal from the administrative decision of the Commissioner of Social Security and direct the clerk of court (1) to enter judgment in favor of defendant and against claimant Reynaldo Fajardo and (2) to close this case.

IT IS SO ORDERED.

Dated:   June 24, 2020                                   _____
                                                          UNITED STATES MAGISTRATE JUDGE

No. 200.

---

seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal quotation marks and citations omitted).